UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ERIC LAMAR WILLIAMS,

    Petitioner,

v.   Case No. 5:04-cv-71-Oc-10GRJ

STATE OF FLORIDA, et al.,

    Respondents.

## ORDER OF DISMISSAL

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Respondent filed a Response suggesting that the Petition should be dismissed as time-barred (Doc. 4). The Petitioner filed a reply contending that he filed his Petition with due diligence after receiving notice of the final state-court action on his state post-conviction proceedings. On March 20, 2006, Petitioner filed a Motion requesting that the Court stay his Petition pending completion of additional state proceedings that Petitioner recently commenced. Doc. 7. For the following reasons, the Court concludes that the Petition is time-barred and therefore must be dismissed.

### State Proceedings

The Petition stems from Petitioner's convictions for first degree murder, armed burglary, and aggravated assault with a deadly weapon. App. tab B. According to the Petition, Petitioner admits that he murdered his fiancee after discovering her in

a motel room with another man. Petition, Doc. 1 at 7.  On February 17, 2000, Petitioner received a sentence of life imprisonment on the murder conviction and 10-year sentences on each of the other convictions. App. tab B.  Petitioner, through counsel, dismissed his direct appeal on September 7, 2000.  Id. tab C.  The appellate court approved the dismissal on September 8, 2000, and Petitioner's conviction became final on that date.  See id. tab D.

On May 23 or 24, 2001, Petitioner filed a post-conviction motion arguing that his trial counsel rendered ineffective assistance by playing a part of Petitioner's confession for the jury. Id. tab E.[1]  Following an evidentiary hearing, the motion was denied. Id. tab G.  On appeal, Petitioner's post-conviction counsel filed an Anders[2] brief. Id. at H.  The denial of post-conviction relief was affirmed, and mandate issued on July 26, 2002. Id. tab L.

On October 18, 2002, Petitioner filed a motion to correct illegal sentence. Id. tab M.[3]  Following a hearing at which Petitioner was represented by appointed counsel, the trial court granted relief on December 27, 2002, and resentenced Petitioner on the burglary and assault convictions. Id. at N & O.  Petitioner

---

[1] Respondent contends that the motion was filed on May 24, while Petitioner contends it was filed May 23.  The date-stamp on the pleading is illegible.  This discrepancy does not affect the outcome of this case, but for the sake of discussion the Court will use the earlier date.

[2] Anders v. California, 386 U.S. 738 (1967).

[3] Respondent contends that the motion was filed on October 18, 2002. Doc. 4 at 3.  The Petition states that the motion was filed on October 22, 2002. Doc. 1 at 3.  The copy of the motion included in Respondent's appendix does not have a date-stamp. See App. tab M.  In his reply, Petitioner does not dispute the October 18, 2002 filing date. See Doc. 6.  For the sake of discussion, that is the date the Court will use, although use of the October 22 date would not affect the outcome of this case.

2

appealed, and his appointed counsel filed an <u>Anders</u> brief on August 15, 2003. <u>Id</u>. tab P. The appellate court affirmed on October 28, 2003, and mandate issued on November 14, 2003. <u>Id</u>. Petitioner submitted the instant habeas corpus petition to prison officials for mailing on February 16, 2004. Doc. 1.

## One-Year Limitation

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"[4] The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."[5]

The record reflects that Petitioner's conviction became final on September 8, 2000. Thus, at the time that Petitioner filed his first state-court post-conviction motion on May 23, 2001, 258 days of the one-year federal filing period had elapsed. The filing period was tolled from May 23, 2001, until July 26, 2002, when the mandate issued following the affirmance of his appeal. At the time that Petitioner filed his next post-conviction motion on October 18, 2002, an additional 85 days of

---

[4] 28 U.S.C. § 2244(d)(1).

[5] 28 U.S.C. § 2244(d)(2); <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000).

the federal filing period had elapsed, for a total of 343 days. The federal filing period was tolled from October 18, 2002, until November 14, 2003, when the state appellate court issued its mandate affirming the trial court's resentencing order. App. tab P. At that point, only 22 days of the federal filing period remained. From November 14, 2003, until February 16, 2004, when Petitioner executed the instant Petition, an additional 95 days elapsed. Accordingly, absent some additional basis for tolling, the Petition is time-barred.

Petitioner contends that he did not receive the state appellate court's mandate on his final appeal until February 12, 2004, and that he promptly filed his federal habeas corpus petition after receiving the mandate. Doc. 6. The Court construes Petitioner's assertion as a claim for equitable tolling of the limitations period.

Equitable tolling is appropriate when "extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition."[6] This means that the Petitioner must show that the untimeliness of his petition was "both beyond his control and unavoidable even with due diligence."[7]

Under the circumstances presented, the Court is unpersuaded that the Petitioner is entitled to this extraordinary relief. Petitioner concedes that he was aware while his final state appeal was pending that very little time remained on his

---

[6] Diaz v. Sec'y for Dept. of Corr., 362 F.3d 698, 700 (11th Cir. 2004) (quoting Helton v. Sec'y for Dept. of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) (internal quotations omitted).

[7] Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (§ 2255 case) (emphasis added).

4

federal filing period. Doc. 6. Nevertheless, Petitioner does not state that he took any steps to determine the status of his appeal after his appointed counsel filed an Anders brief on August 15, 2003, or after Petitioner filed a pro se supplemental brief on September 7, 2003. See Doc. 6; App. tab P. The record thus does not support a determination that the untimeliness of the Petition was both beyond Petitioner's control and that he exercised due diligence in attempting to meet the one-year filing deadline.[5]

## Conclusion

For the reasons set forth in this Order, the Petition is **DISMISSED as time-barred**. Petitioner' Motion to stay consideration of this case (Doc. 7) is **DENIED**. The Clerk is directed to enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 18th day of May 2006.

_____
UNITED STATES DISTRICT JUDGE

c: Eric Lamar Williams
Respondent

---

[5] See Johnson, 340 F.3d at 1266.